IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRYANT BERNARD EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-02151-JHH-TMP |
| ) | |
| CHERYL PRICE, *Warden,* et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his Report and Recommendation (doc. 11) in the above-styled cause on June 3, 2014, recommending that the § 2254 petition for writ of *habeas corpus* challenging the constitutional validity of petitioner's conviction be dismissed with prejudice as time-barred. Bryant Bernard Evans ("Petitioner") filed his objections (doc. 12) to the Report and Recommendation on June 10, 2014.[1] Having now carefully reviewed and considered *de novo* the objections to the Report and Recommendation, the report itself, and other materials in the court file relevant to the case, the court finds that the report is due to be ADOPTED and the recommendation ACCEPTED.

---

[1] Under the "prison mailbox rule," the objections are deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Therefore, although Petitioner's objections to the Report and Recommendation and the Motion for Reconsideration were received by the court on June 11, 2014, the date of Petitioner's signature is the deemed filing date.

In his objections, Petitioner argues that the magistrate judge failed to properly calculate the tolling period brought on by Petitioner's Rule 32 petition. Specifically, he argues that he was due to be granted ninety (90) days subsequent to the Alabama Supreme Court's denial of *certiorari* – the time allowed for him to petition the United States Supreme Court for *certiorari* review. Petitioner cites Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000), to support his position. However, Petitioner has fundamentally misread Coates which, in fact, supports the magistrate judge's determination.

In Coates, the Eleventh Circuit affirmed the district court's denial of a petitioner's application on statute of limitations grounds and specifically addressed the issue of "whether the time limit for filing [the petitioner's] federal habeas application was tolled during the ninety-day period following the Georgia Supreme Court's refusal to review the state trial court's denial of his petition for collateral relief." 211 F.3d at 1226. The Eleventh Circuit agreed with the Tenth Circuit's determination of the matter, which employed a comparison of the language in 28 U.S.C. Sections 2244(d)(1) and 2244(d)(2). The Eleventh Circuit reasoned:

> The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). By contrast, the tolling during state collateral review occurs only while the application for "State post-conviction or other collateral review . . . is pending." *See* 28 U.S.C. § 2244(d)(2).

> As the Tenth Circuit explained in *Rhine*, the difference in the wording of the two provisions is significant. A judgment does not become "final by the conclusion of direct review or by the expiration of the time for seeking such review," *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired. *See Rhine*, 182 F.3d at 11156; *cf. Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6, 93 L.Ed. 2d 649 (1987)(defining a state conviction as "final" for retroactivity doctrine purposes when the availability of direct appeal has been exhausted, including the denial of a certiorari petition by the United States Supreme Court or the expiration of time for seeking such review). On the other hand, an application "for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), only so long as the case is in the **state** courts. *See Rhine*, 182 F.3d at 1156. "A petition for writ of certiorari to the United States Supreme Court is simply not an application for state [court] review of any kind; it is neither an application for state post-conviction review nor an application for other state collateral review." *Id.*
>
> . . .
>
> We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is **not** to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes.

Coates v. Byrd, 211 F.3d 1225, 1226-27 (11th Cir. 2000)(emphasis added). In other words, the ninety-day period in which Petitioner could have filed in the United States Supreme Court a petition for writ of *certiorari* regarding the denial of his Rule 32 petition is not part of the tolling period because, upon the Alabama Supreme Court's denial of *certiorari*, the Rule 32 petition no longer was "pending" as defined in 28 U.S.C. § 2244(d)(2). *See* Steed v. Head,

219 F.3d 1298, 1300 (11th Cir. 2000)(affirming the district court's determination that a petition for writ of *certiorari* to the United States Supreme Court following the denial of post-conviction relief "does not toll the statute of limitations under Section 2244(d)(2).").

Therefore, because the magistrate judge carefully and correctly addressed the issue raised by Petitioner, his objections to the Report and Recommendation are meritless and are hereby OVERRULED.  Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed with prejudice.  A Final Judgment will be entered.

The Clerk is DIRECTED to mail a copy of the foregoing to Petitioner.

DONE this the 17thday of June, 2014.

*James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE